UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CRAIG JACKSON,

                      Plaintiff,

   -against-

VILLAGE OF HAVERSTRAW, NEW YORK,
RUBEN BERRIOS, as Building Inspector,
RAFAEL BUENO, JR., as Code Enforcement,
Officer, THE TOWN OF HAVERSTRAW, NEW
YORK and JANE DOES 1-6 and JOHN DOES 1-6
being and intended to be persons whose names are
presently unknown and who conspired with the
Defendants,

                      Defendants.
----------------------------------------------------------X

COMPLAINT

FILED
AUG - 3 2007
USDC WP SDNY

07 Civ. _____

A jury trial is
demanded on all issues

**07 CIV. 6989**

**JUDGE CONNER**

The Plaintiff as and through his attorneys, complaining of the Defendants herein, respectfully allege upon information and belief as follows:

## I. INTRODUCTION

1. This suit seeks relief from Defendants' clear and purposeful deprivation and violation, under color of state law, of rights secured to the Plaintiff under the First and Fourteenth Amendment rights. The Plaintiff is an individual citizen of the Village of Haverstraw who seeks declaratory relief, injunctive relief and both compensatory and punitive damages in connection with Defendants' illegal and unauthorized action which was designed to retaliate against and chill the exercise of his First Amendment rights, as well as violate his civil rights under the Equal Protection Clause.

2. Plaintiff who is African-American seeks elected public office in the Village of Haverstraw, New York.

3. The Village has a history of discriminatory conduct against minorities who seek elected office.

4. The Defendants in an effort to prevent or dissuade Plaintiff from seeking public office in the Village and otherwise exercising his First Amendment Rights has conducted a secret investigation of the Plaintiff, reviewed his credit history illegally and otherwise sought to dissuade Plaintiff from being an elected official in the Village of Haverstraw, New York.

5. The Plaintiff brings this action pursuant to 42 U.S.C. §1983; the First and Fourteenth Amendments to the U.S. Constitution; Article I, Section 8 of the New York State Constitution; and, New York State Human Rights Law §290, et. seq. The Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. § 1988.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States, and under 28 U.S.C. § 1343(a) and under laws providing for the protection of civil rights. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff' claims occurred in this district.

## III.  PARTIES

8. At all times relevant herein, the Plaintiff who is an African-American was a resident of the State of New York residing in the Village of Haverstraw, New York 10927 in the County of Rockland.

9. At all times relevant herein, the Defendant VILLAGE OF HAVERSTRAW is a municipal entity organized under the laws of the State of New York and employed the other individual Defendants.

10. At all times relevant herein, the Defendant TOWN OF HAVERSTRAW is a municipal entity organized under the laws of the State of New York and has within its jurisdiction the Haverstraw Town Police Department and officers employed by said Department which acted herein under the color of law.

11. At all times relevant herein, the Defendant RUBEN BERRIOS was acting under color of law as the Building Inspector for the Village and had an office for the conduct of business at 40 New Main Street, Haverstraw, New York 10927.

12. At all times relevant herein, the Defendant RAFAEL BUENO, JR. was acting under color of law as the Code Enforcement Officer for the Village, having an office for the conduct of business at 40 New Main Street, Haverstraw, New York 10927.

13. At all times relevant herein, Defendants JANE DOES 1-6 and JOHN DOES 1-6 are intended to be persons whose names are presently unknown and who conspired with the Defendants and include, but are not limited to, those police officers who conducted an illegal credit search of Plaintiff, and those who made anonymous complaints to the Board of Elections in Rockland County triggered solely because he announced an intention to run for public office and spoke out against current Government Officials.

### IV. BACKGROUND OF FIRST AMENDMENT VIOLATIONS BY DEFENDANT VILLAGE OF HAVERSTRAW AND ITS EMPLOYEES

14. The actions of the Defendants in violating the First Amendment Rights of the Plaintiff are part of a concerted effort of the Defendants and their employees to suppress the civil rights of their political opponents, or those supporting their opponents.

15. Previously, the Village, acting though its officials and employees, sought to violate the First Amendment Rights of a political opponent, who was a minority candidate, then

Village Trustee Ricky Sanchez, by prohibiting utilization of certain Village stationary for said Trustee Sanchez to advocate on behalf of Village residents.

16. Trustee Sanchez filed an action in the United States District Court for the Southern District of New York, complaining of the unconstitutional treatment, and now Mayor Wassmer, the highest Village Official was required to pay the sum of $1.00 to resolve the action as a symbolic recognition of the misconduct that violated First Amendment Rights.

17. For another example, immediately upon the appointment of an outspoken person as a consultant to the Village regarding waterfront development, a concerted effort was made to cause the removal of that minority person who had announced an intention to freely speak out regarding all issues.

18. In yet another example, the Village, acting through its officials and employees, took down the political signs of a minority candidate without any lawful basis to do so.

19. That illegal practice and policy was stopped only because of a Federal Court civil rights action that had to be brought against the Village.

20. The Village and the Town, acting through its officials and employees, continues to violate First Amendment Rights.

21. Accordingly, in addition to any compensatory damages awarded to the Plaintiff, punitive damages should be awarded to the Plaintiff.

## V. BACKGROUND OF THIS CURRENT ACTION

22. The Plaintiff is a former Military Officer in the United States Army and became active previously prior to January 1, 2007 in political matters within the County of Rockland, but outside of the Town of Haverstraw and Village of Haverstraw.

23. Notwithstanding there being no requirement in law to be a resident in the Village before seeking elected office in a Village, prior to July 1, 2007 the Plaintiff undertook residency in the Village of Haverstraw, County of Rockland, State of New York at 40 West Street.

24. The Village of Haverstraw, New York (the "Village") is located within the Town of Haverstraw, New York (the "Town"). Both the Village and the Town are located within the County of Rockland, New York.

25. Subsequent to June 1, 2007 the Plaintiff determined that the existing political establishment within the Village was not responsive to the true needs of Village residents who are mostly minority members. Therefore, the Plaintiff decided to exercise his First Amendment Rights and become involved in the process to become a candidate for and be elected as Mayor of the Village of Haverstraw, New York.

26. Beginning in June 2007, the Plaintiff actively undertook conduct to become a candidate for Mayor for the Village and had Designating Petitions circulated pursuant to Section 6-132 of the Election Law to enable the Plaintiff to become a candidate for Mayor in the Democratic Party Primary Election to be held on September 18, 2007.

27. On or about July 18, 2007, the Plaintiff caused to be filed with the Rockland County Board of Elections a Designating Petition consisting of 21 pages with the signatures of various residents of the Village to enable Plaintiff to become a candidate for Mayor in the Democratic Primary to be held September 18, 2007.

28. On or about July 18, 2007, the Plaintiff pursuant to New York Election Law prepared General Objections to other Designating Petitions that were filed by those seeking to become candidates in the Village Democratic Primary on September 18, 2007.

29. On or about July 25, 2007, the Plaintiff caused to be filed with the Rockland County Board of Elections Specific Objections pursuant to New York Election Law to Designating Petitions for a candidate for Trustee within the Village.

30. In said Specific Objections, the Plaintiff expressly and clearly indicated that a current Trustee of the Village, Michael Kohut, "did not carry and/or personally witness or identify each of the individuals/signature subscribed on the petition sheet as required" and that Trustee Michael Kohut essentially falsely and fraudulently signed election documents.

31. Village Trustee Michael Kohut (who is not a minority) is also currently a candidate for Mayor for the Village of Haverstraw and has received the endorsement of the current political power structure in the Village.

32. Immediately after filing the aforesaid Specific Objections that implicated another candidate for Mayor in the Village in the Commission of an Election Law crime, on July 27, 2007 Police Officers from the Haverstraw Town Police Department came to the Village residence of Plaintiff. The Village has no Police Department and police matters within the Village are handled by Haverstraw Town Police Department officers.

33. At that time on July 27, 2007 when the Town of Haverstraw sent a member of its Police Department to the residence of Plaintiff at 40 West Street, Haverstraw, New York, the Plaintiff was not home.

34. A Town Police Officer placed a card identifying that person as a member of the Town Police Department and asked the Plaintiff to call the Police Department.

35. On or about July 27, 2007 the Town Police Department telephoned the Plaintiff several times.

36. Eventually on July 27, 2007 Plaintiff was advised by the Town Police Department that a complaint had been received from the Board of Elections regarding whether or not the

Plaintiff was an actual resident of 40 West Street, County of Rockland, Haverstraw, New York. The Town Police employee asked if that Town Police Officer could again visit the premises at 40 West Street, Haverstraw, New York and have Plaintiff sign a document confirming the residency of Plaintiff in the Village.

37. The Plaintiff objected to any need to sign any document about his residency since, among other reasons, a candidate for Village office is only required to be a resident of the Village after being elected. Additionally, the Plaintiff indicated that he had previously changed his address with the Board of Elections in which he signed an Affidavit indicating his residence to be 40 West Street, all of which was already available to the Defendants, namely Plaintiff received a new voter registration card.

38. Thereafter, based on this information provided by the Town Police Department, the Plaintiff went to the Rockland County Board of Elections to inquire about who had made a complaint about the Plaintiff and his residence.

39. The Rockland County Board of Elections admitted to Plaintiff that it had requested the Town Police go to the Plaintiff's residence but refused to divulge who had made the complaint about the Plaintiff, and advised Plaintiff it was "standard procedure" to investigate the residency of candidates for public office.

40. Later that evening, the Town Police Department confirmed it was conducting an investigation of the Plaintiff and that the Town Police Department had searched and reviewed the credit history of the Plaintiff without authorization by the Plaintiff.

41. After the Plaintiff objected to signing any statement about his residency, the Police Officer indicated that the Town "can't find any information tying you to that 40 West Street address, we can't find a driver's license or even a major credit card" with the Plaintiff's

name and address at 40 West Street, Haverstraw, New York to confirm the Plaintiff was a resident of the Village.

42. Thereafter, on July 31, 2007 the campaign of harassment continued against the Plaintiff continued as Defendant Village employees, specifically the Defendants Berrios and Bueno, visited the residence of the Plaintiff and requested to purportedly conduct a physical inspection of the residence of Plaintiff at 40 West Street, Haverstraw, New York.

43. Defendant Bueno is the son of Village Trustee Rafael Bueno.

44. Village Trustee Rafael Bueno also serves with Michael Kohut on the Village Board and is seeking re-election to the Trustee position; and is endorsed by the Democratic Party as Village Trustee on the same election ticket as Michael Kohut.

45. When the Plaintiff objected to any such inspection, the aforesaid Defendants advised that Defendant Town of Haverstraw Police Department had referred a complaint to the Village Building Department regarding the 40 West Street residence and that an inspection was required.

46. When the Plaintiff requested a copy of the Defendant Town complaint, Plaintiff was provided with a Haverstraw Town Police Department document indicating a referral on July 27, 2007 concerning 40 West Street, Haverstraw, New York 10927 that did not pertain to any residency investigation, but alleged that Town Police responded to a parking space dispute at this address, with Town Police further advising that the residence appears to be a three-family residence.

47. As previously noted herein, on July 27, 2007 the Town of Haverstraw Police Department was present at 40 West Street, Haverstraw, New York investigating a complaint reportedly made by the Board of Elections and not any purported "parking space dispute" as set forth in the Haverstraw Town Police Department official records, so that the documentation

given to the Plaintiff by Village employees was false, intentionally misleading and crafted to cover up the true intentions of the visit.

48. The foregoing actions of the Defendants were motivated by or substantially caused by the Plaintiff's exercise of free speech and the right to become involved in the political process in the Defendant Village and without a standard procedure existing or being followed by said Defendants, all of which constitutes a violation of Plaintiff's Civil Rights.

### AS AND FOR A FIRST CLAIM FOR RELIEF

49. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "48" as though set forth in full herein.

50. As a result of the foregoing conduct by the Defendants, the discriminatory actions of the Defendants resulted in deprivation of the civil rights of the Plaintiffs under 42 U.S.C. § 1983.

51. As a result of the foregoing conduct of the Defendants, the Defendants did limit and otherwise chill the Freedom of Speech of Plaintiff so as to deprive or tend to deprive the Plaintiff of his Constitutional rights under the First Amendment.

52. As a result of the foregoing conduct of the Defendants, the Defendants did subject Plaintiff to unequal treatment under law so as to deprive or tend to deprive the Plaintiff of his constitutional rights under the Fourteenth Amendment.

53. At all times the Defendants acted under color of law in carrying out a practice or policy of the Village and the Town.

54. As a result of the aforesaid conduct by the Defendants against Plaintiff, the Plaintiff has and will continue to sustain impairment of his First Amendment rights and monetary and other damages should be awarded in the amount not to exceed Seven Million ($7,000,000) Dollars.

55. As a result of the conduct of the Defendants, the Plaintiff has suffered otherwise in the exercise of his First Amendment rights.

## AS AND FOR A SECOND CLAIM FOR RELIEF

56. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "55" as though set forth in full herein.

57. The conduct of the Defendants unless restrained by this Court will continue to violate the rights of the Plaintiff.

58. The Plaintiff will suffer irreparable harm unless the Defendants are restrained from making residence inspections of candidates for public office based upon anonymous complaints, from requiring only certain candidates to prepare supplemental affidavits of its residence and prohibited from conducting credit search of candidates as part of any investigation.

59. Based upon the foregoing, the actions of the Defendants should be declared unconstitutional and otherwise illegal and the Defendants restrained from enforcing practice and policy.

## AS AND FOR A THIRD CLAIM FOR RELIEF

60. The Plaintiff repeats and realleges each and every allegation set forth in Paragraphs "1" through "59" as though set forth in full herein.

61. The Defendants retaliated against the Plaintiff and punished him for his exercise of his rights to freedom of speech in violation of the First and Fourteenth Amendments to the United States Constitution as well as Article I, Section 8 of the New York State Constitution, and New York Executive Law §290 et seq.

62. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a distinct and actual injury to his civil rights.

63. On all claims for relief, the Plaintiff should be entitled to an award of attorneys' fees.

64. A jury trial is demanded on all issues in this Complaint.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendants as follows: (1) compensatory and punitive damages in the amount of Seven Million ($7,000,000) Dollars jointly and individually; (2) for declaratory relief determining that practices of Defendants policy reviewing the credit history of candidates for public office is unconstitutional; (3) for declaratory relief that the Defendants are illegally proceeding to chill exercise of First Amendment rights; (4) for permanent injunctive relief enjoining the Defendants and its officers or agents from interfering with Plaintiff's constitutional rights in the future; and (5) for an award of reasonable attorneys fees, costs and disbursements herein pursuant to 42 U.S.C. § 1988; and, (6) for such other and further relief as this Court may seem just and proper.

DATED:   August 3, 2007
         South Nyack, New York

FEERICK LYNCH MacCARTNEY, PLLC

By: _____
Dennis E. A. Lynch (DL 6537)
Attorneys for Plaintiff
96 South Broadway
South Nyack, New York 10960
(845) 353-2000