UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------------ x

CRAIG JACKSON,                                                          07-CV-6989 (WCC)

                                  Plaintiff,                    **ANSWER**

               -against-

VILLAGE OF HAVERSTRAW, NEW YORK, RUBEN
BERRIOS, as Building Inspector, RAFAEL BUENO, JR.,
as Code Enforcement, Officer, THE TOWN OF
HAVERSTRAW, NEW YORK and JANE DOES 1-6 and
JOHN DOES 1-6 being and intended to be persons whose
names are presently unknown and who conspired with the
Defendants,

                                  Defendants.

------------------------------------------------------------------------ x

      Defendants Village of Haverstraw, Ruben Berrios, as Building Inspector, Rafael Bueno, Jr., as Code Enforcement Officer (the "Village Defendants") by their counsel Carl S. Sandel of the law firm of Morris Duffy Alonso & Faley answer the complaint as follows.

      1.  Deny the allegations in paragraph 1, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 concerning personal information of plaintiff, and admit that paragraph 1 purports to set forth the allegations by plaintiff.

      2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

      3.  Deny the allegations in paragraph 3.

      4.  Deny the allegations in paragraph 4.

5. Deny the allegations in paragraph 5, except admit that paragraph 5 purports to state why plaintiff brings this action.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and respectfully refer matters of law to the Court.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and respectfully refer matters of law to the Court.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Admit the allegations in paragraph 9.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and respectfully refer matters of law to the Court.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and respectfully refer matters of law to the Court.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, except deny all allegations of conspiracy.

14. Deny the allegations in paragraph 14.

15. Deny the allegations in paragraph 15.

16. Deny the allegations in paragraph 16.

17. Deny the allegations in paragraph 17.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Admit the allegations in paragraph 24.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except admit that Michael Kohut is a candidate for Mayor in the Village of Haverstraw.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except admit that the Village of Haverstraw does not have a police department.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Admit the allegations in paragraph 43.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except admit that Rafael Bueno serves on the Village Board and is seeking reelection to the Trustee position.

45. Deny the allegations in paragraph 45.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 pertaining to the Town of Haverstraw Police Department and deny the allegations pertaining to the Village of Haverstraw.

48. Deny the allegations in paragraph 48.

49. Repeat and reallege each and every response set forth in paragraphs 1 through 48 of this answer as if fully set forth at herein.

50. Deny the allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph except respectfully refer matters of law to the Court.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55.

56. Repeat and reallege each and every response set forth in paragraphs 1 through 55 of this answer as if fully set forth at herein.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Repeat and reallege each and every response set forth in paragraphs 1 through 59 of this answer as if fully set forth at herein.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. Deny the allegations in paragraph 63.

64. Admit that plaintiff has demanded a jury trial.

## AFFIRMATIVE DEFENSES

A. The alleged acts or omissions of the named defendants herein, and/or any agents, servants or employees, under the case of *Monell v. New York City Department of Social Services* do not create vicarious liability against the Village of Haverstraw and consequently the Village of Haverstraw cannot be liable for any acts or conduct of any individual defendant herein, and/or agents, servants or employees with respect to any or all claims brought pursuant to 42 USC Section 1983.

B. The actions complained of as against the Village of Haverstraw Defendants herein were in full accord with the applicable law.

C. Plaintiff's constitutional and statutory rights have not been violated by the Village of Haverstraw Defendants.

D. Punitive damages may not be recovered against the Village of Haverstraw as a matter of law.

E. Plaintiff's claims against the individual defendants are barred by the doctrine of qualified immunity.

F. There was no policy, custom, or practice of the Village of Haverstraw to violate the constitutional rights of plaintiff.

G. Any acts by the Village of Haverstraw Defendants were narrowly tailored to a compelling government interest.

H. The Complaint fails to state a claim upon which relief can be granted.

I. Plaintiff has not complied with sections 50 e and 50 i of New York State General Municipal Law.

Dated: New York, New York
September 19, 2007

                              Carl S. Sandel (CS3594)
                              Morris Duffy Alonso & Faley
                              2 Rector Street, 22nd Floor
                              New York, New York 10006
                              (212) 766-1888

To:    Dennis E. Lynch, Esq.
        Feerick Lynch MacCartney, PLLC
        96 South Broadway
        South Nyack, New York 10960