UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CRAIG JACKSON,

        Plaintiff,    **ANSWER**

 -against-         07 Civ. 6989 (WCC)

VILLAGE OF HAVERSTRAW, NEW YORK, RUBEN BERRIOS, as Building Inspector, RAFEAL BUENO, JR. as Code Enforcement Officer, THE TOWN OF HAVERSTRAW, NEW YORK and JANE DOES 1-6 being and intended to be persons whose names are presently unknown and who conspired with the Defendants,

        Defendants.
------------------------------------------------------------------X

  Defendant TOWN OF HAVERSTRAW, by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, answering the plaintiff's complaint:

  1. Denies the allegations set forth in paragraph number "1" of the complaint.

  2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "2" of the complaint.

  3. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "3" of the complaint.

  4. Denies the allegations set forth in paragraph number "4" of the complaint.

  5. Denies the allegations set forth in paragraph number "5" of the complaint except admits that plaintiff purports to bring this action as set forth therein.

  6. Denies the allegations set forth in paragraph number "6" of the complaint except admits that plaintiff purports to assert jurisdiction as set forth therein.

7. Denies the allegations set forth in paragraph number "7" of the complaint except admits that plaintiff purports that venue is proper.

8. Denies the allegations set forth in paragraph number "8" of the complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "9" of the complaint.

10. Denies the allegations set forth in paragraph number "10" of the complaint except admits that the Town of Haverstraw is a municipal entity organized under the laws of the State of New York and maintains the Haverstraw Town Police Department, and respectfully refer all questions of law to the Court for adjudication.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "11" of the complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "12" of the complaint.

13. Denies the allegations set forth in paragraph number "13" of the complaint.

14. Denies the allegations set forth in paragraph number "14" of the complaint.

15. Denies the allegations set forth in paragraph number "15" of the complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "16" of the complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "17" of the complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "18" of the complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "19" of the complaint.

20. Denies the allegations set forth in paragraph number "20" of the complaint.

21. Denies the allegations set forth in paragraph number "21" of the complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "22" of the complaint.

23. Denies the allegations set forth in paragraph number "23" of the complaint and respectfully refers all questions of law to the Court for adjudication.

24. Admits the allegations set forth in paragraph number "24" of the complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "25" of the complaint.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "26" of the complaint.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "27" of the complaint.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "28" of the complaint.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "29" of the complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "30" of the complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "31" of the complaint.

32. Denies the allegations set forth in paragraph number "32" of the complaint, except admits that the Village no longer has a police department.

33. Denies the allegations set forth in paragraph number "33" of the complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "34" of the complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "35" of the complaint.

36. Denies the allegations set forth in paragraph number "36" of the complaint.

37. Denies the allegations set forth in paragraph number "37" of the complaint.

38. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "38" of the complaint.

39. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "39" of the complaint, except admits that the Board of Elections requested that the Town of Haverstraw police department conduct an investigation.

40. Denies the allegations set forth in paragraph number "40" of the complaint.

41. Denies the allegations set forth in paragraph number "41" of the complaint.

42. Denies the allegations set forth in paragraph number "42" of the complaint.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "43" of the complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "44" of the complaint.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "45" of the complaint.

46. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph number "46" of the complaint.

47. Denies the allegations set forth in paragraph number "47" of the complaint.

48. Denies the allegations set forth in paragraph number "48" of the complaint.

## ANSWERING THE FIRST CLAIM FOR RELIEF

49. As to paragraph "49", defendant repeats, reiterates, and realleges the denials set forth above in answer to the allegations set forth in paragraphs of the complaint numbered "1" through "48".

50. Denies the allegations set forth in paragraph number "50" of the complaint.

51. Denies the allegations set forth in paragraph number "51" of the complaint.

52. Denies the allegations set forth in paragraph number "52" of the complaint.

53. Denies the allegations set forth in paragraph number "53" of the complaint and refers all questions of law to the Court for adjudication.

54. Denies the allegations set forth in paragraph number "54" of the complaint.

55. Denies the allegations set forth in paragraph number "55" of the complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

56. As to paragraph "56", repeats, reiterates, and realleges the denials set forth above in answer to the allegations set forth in paragraphs of the complaint numbered "1" through "55".

57. Denies the allegations set forth in paragraph number "57" of the complaint.

58. Denies the allegations set forth in paragraph number "58" of the complaint.

59. Denies the allegations set forth in paragraph number "59" of the complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

60. As to paragraph "60", repeats, reiterates, and realleges the denials set forth above in answer to the allegations set forth in paragraphs of the complaint numbered "1" through "59."

61. Denies the allegations set forth in paragraph number "61" of the complaint.

62. Denies the allegations set forth in paragraph number "62" of the complaint.

63. Denies the allegations set forth in paragraph number "63" of the complaint.

64. The statement set forth in paragraph number "64" of the complaint is an averment to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

65. The complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

66. At all times relevant to the acts alleged in the complaint, defendant Town of Haverstraw, its agents and officials, acted reasonably, properly, and in the lawful exercise of their discretion.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

67. Defendant Town of Haverstraw has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

68. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, or the culpable or negligent conduct of third parties, and was not the proximate result of any act of the answering defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

69.     Defendant had a legitimate, non-discriminatory reason for its actions that had nothing to do with plaintiff's alleged First Amendment activity or his race.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

70.     Plaintiff was not chilled in the exercise of his First Amendment rights.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

71.     Punitive damages cannot be recovered from the Town of Haverstraw.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

72.     This action is moot.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

73.     Defendant's policies and practices conform to the requirements of all applicable federal and state laws including, but not limited to 42 U.S.C. § 1983; the First Amendment to the United States Constitution; the Fourteenth Amendment to the United States Constitution; Article I, Section 8 of the New York State Constitution; and New York State Executive Law, § 290, *et seq.*, and are administered in a manner that is consistent with defendant's legal obligations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

74.     Plaintiff has failed to comply with the conditions precedent to suit under the General Municipal Law § 50-e and 50-i.

**WHEREFORE,** defendant Town of Haverstraw request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as

the Court deems just and proper.

Dated: Mineola, New York
September 19, 2007

                                               MIRANDA SOKOLOFF SAMBURSKY
                                               SLONE VERVENIOTIS LLP
                                               Attorneys for Defendant
                                               TOWN OF HAVERSTRAW



By:                                  
                                             STEVEN C. STERN (SS 2573)
                                             240 Mineola Boulevard
                                             The Esposito Building
                                             Mineola, New York 11501
                                             (516) 741-7676
                                             Our File No. 07-519

TO:    Dennis Lynch, Esq. (DL 6537)
         FEERICK LYNCH MacCARTNEY
         Attorneys for Plaintiff
         CRAIG JACKSON
         96 South Broadway
         South Nyack, New York 10960
         (845) 353-2000

         Carl S. Sandel, Esq. (CS 3594)
         Morris Duffy Alonso & Faley
         Attorneys for Defendants
         VILLAGE OF HAVERSTRAW,
         BERRIOS AND BUENO
         2 Rector Street, 22nd Floor
         New York, New York 10006
         (212) 766-1888